Mr Justice Wylie
delivered the opinion of the court:
This is a bill by a judgment-creditor of George Seitz, to subject to execution a house and lot in this city, the title to which is in the name of Mary E. Seitz, wife of the said George. The judgments in question were obtained in 1868. The property in question was purchased, part of it in 1870, *483 and the other part in 1872. The bill charges that it was bought with the money of the husband, and that the deeds were made out in the name of the wife for the purpose of committing a fraud upon the husband’s creditors.
The answer denies all fraud, and alleges that the property was paid for by the wife’s “ own means and money — money earned and procured wholly by herself, and not from the said George, nor by or through him or his exertions.”
Such an answer to such a charge appears to us to be entitled to very small, if any consideration. It is most vague and unsatisfactory, sets up no fact, contains nothing to satisfy the mind upon the subject, does not say how the money was earned or procured, or from what source — only that it was “earned and procured.” As we understand these terms, they mean that Mrs. Seitz by means of her own exertions earned the money during coverture; that it did not come to her by gift, or by bequest, but that in some way, in trade, in keeping boarding-house, or by other such business, she had procured the money with which the property in question was purchased. In this sense, the answer, so far from denying the charge of the bill, amounts to a confession of its truth. For, notwithstanding our recent act permitting married women to obtain and hold property in their own right, the earnings of a married woman are still the property of her husband, as much as they were, at common law.
But, in addition to this, the evidence in the cause establishes the fact beyond all controversy, at least beyond all doubt in our minds, that the property in question was paid for by the money of George Seitz himself.
It is true that Mrs. Seitz performed the duty of a wife, and aided her husband in her own sphere, and that they kept a few boarders, and thus, possibly, some small profits were made. .But these profits, if any, were very insignificant in comparison with the value paid for the property, and, besides, they belonged to the husband.
On the other hand, he was carrying on the business of a baker, with an extensive custom, making money, and not paying his debts.
The decree of special term is affirmed.
Mr. Justice Olin dissenting.